Argued May 4, affirmed June 27, 1978

# BLIVEN, *Appellant,*
## *v.*
# GOODRICH, *Respondent.*
### (TC 32932, SC 25470)
580 P2d 185

Thomas M. Evans, Salem, argued the cause for appellant. With him on the brief were David W. Hittle and Dye & Olson, Salem.

Robert B. McConville, Salem, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, and Tongue and Linde, Justices, and Tanzer, Justice Pro Tempore.

TANZER, Justice Pro Tempore.

**TANZER, J.,** Pro Tempore.

Plaintiff appeals from a summary judgment for defendant based upon the statute of limitations. His action for negligence was based upon an alleged accident which occurred on November 19, 1974. The complaint was filed on September 8, 1976. Publication of summons was made on December 2, 1976, twelve days after the passage of two years from the date of the accident, the limitation specified in ORS 12.110(1).

Plaintiff contends that he is entitled to an additional 60 days in the time computation because ORS 12.020(2)[1] is unconstitutional. He contends that the statute denies him equal protection because it grants the benefit of 60 additional days to late filing plaintiffs which is denied to earlier filing plaintiffs, such as himself, without a reasonable basis for the distinction.

We do not reach plaintiff's constitutional challenge because the resolution of his contention would not dispose of this case. Plaintiff is not among the class benefited by the statute. Therefore, if the statute remains on the books, plaintiff loses. We have no legislative authority to cure an omission in the statute by amending it to include an additional class. Therefore, if we accept plaintiff's argument and invalidate the statute or eliminate the advantage accorded to late filing plaintiffs, plaintiff still loses. Because plaintiff loses either way, ORS 12.020(2) is not applicable and the judgment stands.

Affirmed.

---

[1] ORS 12.020(2) provides:

"If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdiction shall be deemed to have been commenced upon the date on which the complaint in the action was filed."